## James Madison Lewis, plaintiff in error, *vs.* The United States, defendant in error.

### *Error to Henry.*

A license to keep a grocery is not assignable.

At the March term of the District Court of Henry county, 1842, James Madison Lewis was indicted for unlawfully selling and retailing spirituous liquors in less quantities than one gallon, without then and there having a grocery license.

The defendant plead not guilty, and on the trial proved by William G. Waitman, that on the 1st January, 1842, he sold his grocery to the defendant, and, that part of the agreement was, that he, the said Waitman was to procure a license to commence on the 10th of December, for three months, and the groceries were to be sold under said license and agreement, and that he did on the 4th of January procure said license and gave it to said defendant. Upon the introduction of this evidence, with the license to Waitman, the defendant asked the court to instruct the jury that any selling of liquor by defendant under this license would not make him liable, which instructions the court refused, and instructed the jury that the license was no shield to his selling. To which opinion the defendant excepted.

The defendant was convicted and fined $50 and costs.

J. C. HALL, for plaintiff in error.

H. T. REID, for defendant.

PER CURIAM, MASON, CHIEF JUSTICE.—The main question presensented by this case is whether a grocery license is assignable. It is justly contended that if the license law is merely a revenue measure

there is no good reason why the assignee of a grocery should not have the benefit of a license obtained by the assignor. But revenue is not the sole object of the license law, for if so then every one would have been permitted to set up a grocery upon paying the amount fixed by law. This is, however only one of the requisites preparatory to obtaining the license. He must in addition thereto give bond to keep an orderly house, &c. Now, if the person obtaining such a license may assign the same, he certainly cannot assign the bond so as to render the securities therein liable, without their consent, for the misconduct of the assignee. The requirement of the statute in relation to the bond and securities would be entirely evaded, if such assignment were permissible.

It is contended that Lewis was a mere agent or servant of Waitman in this case. We see no evidence in the record sufficient to justify such a conclusion. The contents of the grocery were absolutely sold by Waitman to Lewis, and the other provisions of the contract related merely to the mode of payment. Lewis was to have the sole control of the property, subject only to the condition that if he removed them from Trenton the price he was to pay for them was to be due immediately. The plaintiff in error seems to have had no illegal intention, but he has been misled into a transaction which has rendered him liable to the penalty of the law. We have no power to pardon the offence, however fully we may be convinced that it was not committed wilfully.

Judgment affirmed.